**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Josephine M. POWELL, Defendant-Appellant.**

**No. 74–1252.**

United States Court of Appeals, Ninth Circuit.

Aug. 7, 1974.

---

[redacted]

[redacted]

Gerald J. Moberg, Moses Lake, Wash., for defendant-appellant.

Dean C. Smith, U. S. Atty., James B. Crum, Asst. U. S. Atty., Spokane, Wash., for plaintiff-appellee.

Before MERRILL and ELY, Circuit Judges, and REAL,* District Judge.

OPINION

PER CURIAM:

Appellant was convicted of a violation of 18 U.S.C. § 1715 for depositing in the United States mail a firearm capable of being concealed on the person, to wit: A sawed-off shotgun.

18 U.S.C. § 1715 provides in its pertinent part:

> "Pistols, revolvers, and other firearms capable of being concealed on the person are nonmailable. . . . Whoever knowingly deposits for mailing or delivery or knowingly causes to be delivered by mail according to the direction thereon . . . any pistol, revolver, a firearm declared nonmailable by this section . . . shall be fined not more than $1000 or imprisoned not more than two years, or both."

Appellant attacks her conviction on the basis that 18 U.S.C. § 1715, insofar as it encompasses ". . . firearms (other than revolvers and pistols) capable of being concealed on the person," is unconstitutionally vague in violation of the Fifth Amendment due process. We agree.

Although little question can be raised as to the concealability on the person of a pistol or revolver in common recognition of the normal limits of their size, the statutory prohibition as it might relate to sawed-off shotguns is not so readily recognizable to persons of common experience and intelligence. Lanzetta v. New Jersey, 306 U.S. 451, 59 S. Ct. 618, 83 L.Ed. 888 (1939). The statute refers to "firearms capable of being concealed on the person . . ." Did Congress intend that this "person" be the person mailing the firearm, the person receiving the firearm, or, perhaps, an average person, male or female, wearing whatever garb might be reasonably appropriate, wherever the place and whatever the season? We believe that this question, of itself, demonstrates the impermissible vagueness of the statute and its inadequacy to define the intended offense with sufficient specificity.

To require Congress to delimit the seize of the firearms (other than pistols and revolvers) that it intends to declare unmailable is certainly to impose no insurmountable burden upon it; and its failure to do so is an infirmity in draftsmanship of constitutional proportions.[1]

Having decided the unconstitutional vagueness of this statute as it is applied to "other firearms," we need not reach the other assignments of error made by appellant.

The judgment is reversed.

* Honorable Manuel L. Real, United States District Judge, Central District of California, sitting by designation.

1. Innumerable State legislatures have met the challenge. *See, e. g.*, California Penal Code § 12001; Oregon Revised Statutes § 166.210; Revised Code of Washington § 9.-41.010.