UNITED STATES of America,
Plaintiff-Appellee,

v.

Josephine M. POWELL,
Defendant-Appellant.

No. 74–1252.

United States Court of Appeals,
Ninth Circuit.

June 4, 1976.

Gerald J. Moberg, Moses Lake, Wash., for defendant-appellant.

James B. Crum, Asst. U.S. Atty., Spokane, Wash., for plaintiff-appellee.

OPINION ON REMAND

Before MERRILL and ELY, Circuit Judges, and REAL,* District Judge.

PER CURIAM:

This case returns on remand by the United States Supreme Court in *United States v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228, after reversal of this Court's opinion which is found at 501 F.2d 1136.

With the constitutionality of 18 U.S.C. § 1715 now being settled the remand required this Court to consider the remaining contentions of this appeal. They raise no substantial question that would require reversal of the conviction.

Only one merits any mention. Appellant claims the introduction of welfare records evidently privileged by state law requires reversal.

Rule 16 Federal Rules of Criminal Procedure defines the admissibility of evidence in federal criminal trials. Privileges are circumscribed by this pertinent language of Rule 26:

". . . Competency and privileges of witnesses shall be governed, except when an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

We need not decide whether under federal common law the information contained in the welfare records should be held to be privileged. *See Carr v. Monroe Manufacturing Company,* 431 F.2d 384 (5th Cir. 1970). No such information was introduced against appellant. The records were introduced for the sole purpose of providing an exemplar of appellant's handwriting. Privilege would not extend to such matter.

The judgment of conviction is affirmed.

* The Honorable Manuel Real, United States District Judge for the Central District of California, sitting by designation.